(80 South. 136)

### CLECKLER v. CHILDRESS et al.
#### (5 Div. 273.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. CHATTEL MORTGAGES ⟪═⟫170(1)—ASSIGN-MENT—PASSAGE OF TITLE.

An indorsement on a mortgage, "I have this day transferred $13.50 to J. D. C. without recourse," while it might invest the indorsee with the equitable title, does not invest him with such title as to authorize him to maintain tres-pass for the wrongful taking of the property, or trover for its conversion.

2. APPEAL AND ERROR ⟪═⟫1008(1)—REVIEW —FINDINGS OF FACT.

The findings of trial court will be accorded the weight of the verdict of a jury.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Trover and conversion by J. D. Cleckler against H. T. Childress and J. J. Stanley. Judgment for defendants, and plaintiff appeals. Affirmed.

The plaintiff claims as a purchaser from S. P. Cleckler by virtue of a mortgage executed by S. P. Cleckler to S. J. Reynolds. The indorsement on the mortgage is as follows:

"I have this day transferred $13.50 to J. D. Cleckler without recourse, this the 11th day of November, 1916. [Signed] S. J. Reynolds."

It appears that H. T. Childress was a constable, and as such constable he levied an execution in favor of J. J. Stanley, and against S. P. Cleckler upon the mare in question, and sold same under said execution, preferring an indemnifying bond from Stanley. The evidence was conflicting as to the sale of the mare prior to the issuance of the execution.

Middleton & Reynolds, of Clanton, for appellant.

Curry & Walker, of Clanton, for appellees.

BROWN, P. J. [1, 2] The indorsement on the mortgage offered in evidence by the plaintiff does not purport to transfer the mortgage to the plaintiff, and while it may be sufficient in connection with other evidence to invest the plaintiff with the equitable title, it does not invest the plaintiff with such title as would authorize him to maintain an action of trespass for the wrongful taking, or trover for the wrongful conversion of the property embraced in the mortgage. Sanders v. Rogers, 77 South. 69.[1] The evidence as to the sale of the mare by S. P. Cleckler to the plaintiff is not without dispute or room for adverse inference to the plaintiff's right of recovery. This evidence was given ore tenus and the trial court was in a better position to judge of the credibility of the witnesses than we are, and when the findings of the trial court are accorded the weight of the verdict of a jury, we do not feel warranted in disturbing the judgment based upon such findings. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker, 196 Ala. 422, 72 South. 54.

Affirmed.

---

⟪═⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 231.