Jacqueline Maines **JANNEY**, Plaintiff,

v.

**ARLAN'S DEPARTMENT STORE**,
Defendant.

Civ. A. No. 65-C-29-R.

United States District Court
W. D. Virginia,
Roanoke Division.

Nov. 15, 1965.

Leon R. Kytchen, Roanoke, Va., for plaintiff.

M. Caldwell Butler, Eggleston, Holton, Butler & Glenn, Roanoke, Va., for defendant.

DALTON, Chief Judge.

This is an action for malicious prosecution based upon the theory that de-

fendant caused, without justification, the arrest of the plaintiff. The pertinent facts are as follows:

On or about December 12, 1964, Jacqueline Maines Janney, while in Arlan's Department Store, picked up several articles of merchandise which she had in her possession. She contends that she intended to purchase these, and there is conflict as to whether she concealed the merchandise in her handbag or whether she chose to carry it over her arm, with the handbag in her hand.

Mrs. Janney was requested by an employee of the store to go into a certain room with her where she was questioned, and where she subsequently signed a confession.

Following the confession, plaintiff was escorted to her car by an employee of Arlan's. On the next morning, a summons was issued and delivered to Mrs. Janney for her appearance in Court on the following Tuesday. At the request of Mrs. Janney's counsel, this proceeding was dismissed.

Detective C. A. Stanley (who had also been working at Arlan's), acting upon the instruction of the Judge of the Municipal Court for the City of Roanoke, then caused a warrant to be issued for Mrs. Janney's arrest. She was subsequently arrested and convicted in the Municipal Court for the City of Roanoke of concealing merchandise. The case was appealed to the Hustings Court for the City of Roanoke, where she was acquitted by a jury. Defendant has filed a motion for summary judgment in this action.

The elements of a cause of action for malicious prosecution are said to be:

(1) institution of judicial proceedings by or at the instance of the defendant;

(2) the termination of such proceedings in plaintiff's favor.;

(3) actual malice on the part of defendant in instituting the proceedings;

(4) a lack of probable cause for institution of the proceedings. Wiggs v. Farmer, 205 Va. 149, 135 S.E.2d 829 (1964); Restatement, Torts § 653

(1938); 34 Am.Jur. Malicious Prosecution § 6 (1941).

 The court will preface its remarks by noting that actions for malicious prosecution are not favored and courts allow recovery only when the requirements for such have been fully complied with. Wiggs v. Farmer, supra. The charge of malicious prosecution is a most difficult one to prove, as *all* of the elements listed above must be present in order for the plaintiff to recover. Malice and want of probable cause must concur—either is insufficient without the other. Freezer v. Miller, 163 Va. 180, 176 S.E. 159, 182 S.E. 250 (1934). Moreover, it has been said that it matters not how malicious the prosecution or how lacking the probable cause if the accused was, in fact, guilty. The action of malicious prosecution is for the protection of the innocent, not the guilty, and therefore the guilt of the accused may be shown notwithstanding an acquittal in a court of law. Wiggs v. Farmer, supra; Brodie v. Huck, 187 Va. 485, 488, 47 S.E.2d 310 (1948).

■ The Court believes that this case is a proper one for the granting of a summary judgment. To begin with, there is absolutely no evidence of actual malice, an essential element of the cause of action, nor does it appear that such evidence could be introduced. Moreover, even assuming, *arguendo*, that Arlan's was responsible for Detective Stanley's causing the warrant to be issued for Mrs. Janney's arrest, the court believes that defendant had probable cause to believe that plaintiff had willfully concealed merchandise while in the department store. This is borne out by her conviction in the Municipal Court for the City of Roanoke on that charge. "It is settled law in this state that conviction by a trial justice, though reversed on appeal, is conclusive evidence of probable cause, unless such conviction was procured by the defendant through fraud or by means of evidence which he knew to be false." Ricketts v. J. G. McCrory Co., 138 Va. 548, 554, 121 S.E. 916, 918 (1924). To the same effect is Saunders v. Baldwin,

112 Va. 431, 71 S.E. 620, 34 L.R.A.,N.S., 958 (1911). See also Engleman v. Progressive Machinery Corp., 156 F.Supp. 46 (D.Mass.1957).

Looking at all the facts, the court thinks that the defendant had probable cause to believe that plaintiff was concealing merchandise within the meaning of Va.Code Ann. § 18.1–127, and will enter an order granting summary judgment upon the defendant in this case.