**ANCORA CORPORATION, etc., et al.,**
**Plaintiffs,**

v.

**John E. STEIN, etc., et al., Defendants.**

**Civ. A. No. 4033–66.**

United States District Court,
S. D. Alabama, S. D.

Feb. 25, 1970.

Willis C. Darby, Jr., Mobile, Ala., for plaintiffs.

Edwin J. Curran, Jr., Raymond A. Corcoran, Dewitt Reams, T. E. Twitty, Sr., Mobile, Ala., Lester M. Bridgeman, Washington, D. C., Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for defendants.

PITTMAN, District Judge.

The defendants contend their respective counterclaims state a cause of action for "abuse of process" and leave should be given for their filing.

The plaintiff contends that the counter claims do not state a cause of action, it is not alleged the suits have been terminated in the favor of the defendants and are therefore premature.

It is the conclusion of the court that if the defendants have a cause of action, construing the pleadings most strongly in favor of them, it is for malicious prosecution, and they have failed to state a cause of action for abuse of process.

"An action for abuse of process differs from an action of malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued. * * *

"Where the matter complained of concerns the issuance of process, the action is either strictly or by analogy one for malicious prosecution. * * * But where the thing complained of is not that issuance of the process was wrongfully procured, but that, having been issued, it was wilfully perverted, so as to accomplish a result not commanded by it or lawfully obtainable under it, the action is one for abuse of process."

With reference to actionable abuse of process:

"While the existence of an ulterior motive may, perhaps, be inferred from the fact that the process has been misused or misapplied, the reverse is not true, for *if the act of the prosecutor is in itself regular, the motive,* ulterior or otherwise, *is immaterial.*

"An ulterior motive or a bad intention in using the process is *not alone sufficient.* * * * An action for abuse of process cannot be maintained where the process was employed to perform no other function than that intended by law." (Emphasis added.) 1 Am. Jur.2d, pp. 250, 251, Abuse of Process, Sec. 2; pp. 252, 253, Sec. 4. See also 72 CJS pp. 1187–1193, Process, Secs. 119, 120.

Most of these principles are enunciated in the xeroxed cases furnished by defendant Chamberlain. On the distinction between malicious prosecution and abuse of process, many of the cases quote Cooley on Torts. In Mullins v. Sanders, 189 Va. 624, 54 S.E.2d 116, at p. 121, a Virginia case cited by defendant Chamberlain:

" * * * [F]rom Cooley on Torts, 3d Ed., Vol. 1, p. 335 (4th Ed., Vol. 1,

§ 131, p. 437): 'Two elements are necessary to an action for the malicious abuse of legal process: First, the existence of an ulterior purpose; and, second, an act in the use of the process not proper in the regular prosecution of the proceeding. The regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process.' "

Dishaw v. Wadleigh, 15 App.Div. 205, 44 N.Y.S. 207, 78 N.Y.St.Rep. 207:

" * * * The leading English case upon the subject [on abuse of process] is that of Grainger v. Hill, 4 Bing.N.C. 212, where the owner of a vessel was arrested on civil process, and the officer, acting under the direction of the plaintiffs in the suit, used the process to compel the defendant therein to give up his ship register, to which they had no right. He was held entitled to recover damages, * * * for maliciously [abusing process] * * * to effect an object not within its proper scope."

Prosser on Torts, 2rd Ed., p. 876, Sec. 115, Abuse of Process, states Grainger v. Hill is the leading case.

A study of cases subsequent thereto indicates that in most abuse of process cases, there have been acts following the issuance of the process such as attachments, garnishments, arrests, foreclosures, which constituted acts in the use of the process not proper in the regular conduct of the initial proceeding which colored the process and took on a form of extortion. At pp. 877–878:

"The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, * * *. The cases have involved such extortion by means of attachment, execution, garnishment, or sequestration proceedings, or arrest of the person or criminal prosecution. * * * The ulterior motive or purpose may be inferred from what is said or done about the process, but the improper act may not be inferred from the motive."

On the distinction between abuse of process and malicious use of process, see 4 A.L.R.2d, pp. 322–326.

Alabama has considered the distinctions on several occasions. In Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986:

"One essential difference between the actions is that malicious prosecution refers to malice and wrong in the issuance of the process, while abuse of the process refers to the malicious and wrongful use of process which is regular and rightful in its issuance. * * * A malicious abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion * * *."

However, this case concerned a complaint based on the issue of a garnishment and much of the discussion concerned attachments and abuse of their use.

Another Alabama case discussing the distinctions between the two causes of action is Clikos v. Long, 231 Ala. 424, 165 So. 394. In that case the cause of action arose out of the issuing of an attachment in an amount greatly in excess of the debt and the levy of the attachment upon property largely in excess of the value of the debt.

Another Alabama case, Peerson v. Ashcraft Cotton Mills, 201 Ala. 348, 78 So. 204, involved the question of whether in the absence of the arrest of the plaintiff, or seizure of his property, the successful defendant might have an action against the plaintiff who had proceeded against him in a civil action, and the court quoted with approval McCormick Harvesting Co. v. Willan, 63 Neb. 391, 88 N.W. 497, 93 Am.St.Rep. 449, 467, 468. The court held there was a cause of action for malicious prosecution. In Cleckler v. Childress et al., 16 Ala.App. 562, 80 So. 136, the plaintiff was criminally prosecuted for issuing a check without funds, and in a malicious

prosecution suit subsequently, the court by dictum indicated the prosecution was an abuse of process also, but note the criminal prosecution.

The court therefore denies the defendants Chamberlain and Cornwall leave to file the counter claims. It is clear that the only possible cause of action is one for malicious prosecution and determination of such a suit favorably to the defendants is necessary. Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662 (5th Cir., 1967), and cases cited therein.