**Dr. George W. BREWSTER, Appellant,**

v.

**WOODWARD & LOTHROP, INC., Appellee.**

**No. 75–1349.**

United States Court of Appeals, District of Columbia Circuit.

Submitted Without Argument 20 Nov. 1975.

Decided 26 Jan. 1976.

John Joseph Matonis, Washington, D. C., was on the brief for appellant.

Francis X. Quinn, Washington, D. C., was on the brief for appellee.

Before DANAHER, Senior Circuit Judge, WILKEY, Circuit Judge, and VAN PELT,* United States Senior District Judge for the District of Nebraska.

PER CURIAM:

On 28 November 1970 appellant Brewster was arrested and charged with shoplifting while he was shopping at a branch of defendant's store in Virginia. He was convicted once on 13 January 1971 after a trial to the court, and again by a jury on 26 April 1971 following a

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

trial de novo in the Circuit Court of Fairfax County. Subsequently, a new trial was granted, but before it commenced a *nol. pros.* was entered on 11 November 1971. This diversity action was filed on 10 November 1972. In three counts the complaint alleged malicious prosecution, false arrest, defamation, and negligent and intentional infliction of emotional harm. Appellee's motion for summary judgment was granted on 10 February 1975 in an order issued by the Honorable June L. Green of the United States District Court for the District of Columbia.[1] In so ordering, Judge Green followed the report and recommendation of United States Magistrate Jean F. Dwyer. We affirm since we also agree with the United States Magistrate's determinations (1) that Brewster's claims based on malicious prosecution, false arrest, and defamation are barred by statute of limitations and (2) that these claims and his cause of action based on intentional or negligent infliction of emotional harm are foreclosed by conclusive evidence of probable cause, if not also barred by the statute of limitations.

## I

■ The statute of limitations for false arrest, malicious prosecution, and defamation is one year in both the District of Columbia and Virginia.[2] Thus, we need not decide which statute applies. Appellant contends that whichever statute of limitations applies, it was tolled until the *nol. pros.* of 11 November 1971 and he therefore escaped the statutory bar by one day. This argument is unpersuasive because the case law of Virginia and the District of Columbia indicates that actions for personal injuries accrue from the date of the wrong.[3] Clearly, any wrongful act committed by appellee or its agents occurred on 28 November 1970, and all subsequent acts were those of the Commonwealth of Virginia. Hence, appellant's claim was barred by limitations after 28 November 1971, and the complaint filed on 10 November 1972 was properly dismissed as untimely.

## II

■ Even if appellant could somehow surmount the statute of limitations hurdle, his claims nevertheless fail under Virginia substantive law. It is well settled under Virginia law that criminal conviction establishes, without the necessity of other proof, the existence of the element of probable cause to arrest and prosecute, which is a complete defense to actions for malicious prosecution, false arrest, and defamation.[4] Similarly, appellant's allegation that through his arrest and prosecution appellee's agents negligently or intentionally inflicted mental distress upon him fails because of the existence of probable cause. Here appellant was twice tried and twice convicted. The setting aside of the last conviction and the subsequent *nol. pros.* (for reasons unstated) does not affect the defense of probable cause.[5]

For the foregoing reasons the District Court properly dismissed the complaint herein.

1. *Brewster v. Woodward & Lothrop, Inc.,* Civil Action No. 2252–72 (D.D.C.1975).

2. 12 D.C.Code § 301(4) (1973); 8 Va.Code § 24 (1957).

3. *See, e. g., Hawks v. De Hart,* 206 Va. 810, 146 S.E.2d 187 (S.Ct.App.1966); *Burton v. Terrell,* 368 F.Supp. 553 (W.D.Va.1973); *Alley v. Dodge Hotel,* 163 U.S.App.D.C. 320, 501 F.2d 880 (1974); *Marusa v. District of Columbia,* 157 U.S.App.D.C. 348, 353, 484 F.2d 828, 833 (1973).

4. *See Marsh v. Commercial & Savings Bank,* 265 F.Supp. 614 (W.D.Va.1967); *Janney v. Arlan's Dept. Store,* 247 F.Supp. 306 (W.D.Va. 1965).

5. *See Janney v. Arlan's Dept. Store,* 247 F.Supp. 306 (W.D.Va.1965).