**Robert E. MORRISON, Appellant,**

v.

**Officer Maxie JONES et al., Appellees.**

**No. 76–1391.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 12, 1976.
Decided March 14, 1977.

**940**

Michael Branham, Washington, D. C. (Allen Hutter, Washington, D. C., on brief), for appellant.

Joseph P. Dyer, Arlington, Va. (Siciliano, Ellis, Sheridan & Dyer, Arlington, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

BUTZNER, Circuit Judge:

Robert E. Morrison appeals an order of the district court dismissing his action against Arlington County and several of its police officers to recover damages for deprivation of his constitutional rights in violation of 42 U.S.C. § 1983. The district court held that the action is barred by the one year statute of limitations applicable to § 1983 actions under § 8–24 of the Code of Virginia. Morrison contends that he commenced the action within the one year limitations period and that the Virginia statute as applied to § 1983 actions is unconstitutional. Since we conclude that Morrison's action is timely, we do not consider the constitutionality of the statute.

Morrison claims that the police officers maliciously conspired to prosecute him under the Virginia criminal code without any basis for the charge. In support of this contention, he makes the following allegations. While he was riding his bicycle in the bus lane of a highway during rush hour traffic, one of the officers told him that bicyclists were required to use the middle lane. He told the officer that riding a bicycle in the middle lane would be dangerous and continued to proceed along the bus lane. The officer pursued him on his motorcycle, attempting to force him off the lane. During this pursuit, the officer lost control of his motorcycle, fell to the ground, and injured himself.

Morrison was subsequently arrested and charged with assault with intent to maim, disable, or kill the officer. After his trial ended with a hung jury, the prosecution dismissed the charges against him. He commenced this action within a year after the dismissal, but more than a year after his arrest.

The police officers contend that Morrison's action is barred by Virginia's one year period of limitations for § 1983 claims and for malicious prosecution claims. Va.Code § 8–24; cf. *Mumpower v. City of Bristol*, 94 Va. 737, 740, 27 S.E. 581 (1897). In response, Morrison asserts that, even under a one year limitations period, his action is timely because his claim accrued not at the time of his arrest, but when the charges against him were dismissed.

Morrison's claim against the police officers is analogous to an action for malicious prosecution. At common law, as in Virginia, the elements of malicious prosecution are "(1) that the prosecution was set on foot by the defendant and that it terminated in a manner not unfavorable to the plaintiff; (2) that it was instituted, or procured by the cooperation of the defendant; (3) that it was without probable cause; and (4) that it was malicious." *Niese v. Klos*, 216 Va. 701, 703, 222 S.E.2d 798, 800 (1976); W. Prosser, Handbook of the Law of Torts § 119 at 835 (4th ed. 1971); 1 F. Harper & F. James, Jr., The Law of Torts § 4.1 (1956).

Since federal law does not define the elements of the claim, we adopt the common law rule that favorable termination of the proceedings is essential. *See Nesmith v. Alford*, 318 F.2d 110, 126 (5th Cir. 1963). Consequently, the claim does

not accrue until the proceedings are terminated. *Sullivan v. Choquette,* 420 F.2d 674, 676 (1st Cir. 1969); *cf. Mumpower v. City of Bristol,* 94 Va. 737, 27 S.E. 581 (1897); Restatement of Torts § 899, Comment c at 526 (1939). *But see Rinehart v. Locke,* 454 F.2d 313 (7th Cir. 1971).

Other cases cited by the police officers do not support a contrary ruling. In several of these cases, the plaintiff did not bring an action analogous to malicious prosecution. *See, e.g., Strung v. Anderson,* 452 F.2d 632 (9th Cir. 1971). In others, the plaintiff had been convicted and, thus, did not have a valid common law claim for malicious prosecution. *Brewster v. Woodward & Lothrop,* 174 U.S.App.D.C. 164, 530 F.2d 1016 (1976); *Henig v. Odorioso,* 385 F.2d 491 (3d Cir. 1967).

Since Morrison brought his claim within one year after the charges against him were dismissed, the action is timely.

*Reversed and Remanded.*