**Charles R. TERRY and J. T. Edgerton, Individually and formally trading as Terry's Tux, and Charles R. Terry and John Ellis Robinson, Individually and partners trading as Terry Tux, Plaintiffs,**

v.

**GENARCO, INC., a corporation, Formal House, Inc., a corporation, and Bob's Formal House, Inc., a corporation, and Cole & Scott of Williamsburg, a corporation, Defendants.**

Civ. A. No. 77–651–N.

United States District Court, E. D. Virginia, Norfolk Division.

May 12, 1978.

Stanley E. Sacks, Girard C. Larkin, Jr., Norfolk, Va., for plaintiffs.

Peter A. Agelasto, III, Agelasto & Agelasto, Norfolk, Va., Carl W. Isbrandtsen, Virginia Beach, Va., David S. Holland, Williamsburg, Va., for defendants.

ORDER

CLARKE, District Judge.

The plaintiffs bring this suit against the four defendants alleging violations of the Sherman Act, 15 U.S.C. §§ 1 and 2, and the Clayton Act, 15 U.S.C. § 15. The plaintiffs contend that the defendants conspired and otherwise acted in restraint of interstate trade and interstate commerce to, among other things, artificially establish prices for the rental and sales of their products and to establish a monopoly as to said products. The defendants, Genarco, Inc., Formal House, Inc., Bob's Formal House, Inc., and Cole & Scott of Williamsburg, Inc., each filed a counterclaim alleging that the plain-

tiffs are completely without knowledge as to the truth or falsity of the facts, circumstances and allegations of which they complain as disclosed by their discovery depositions and that the suit brought by the plaintiffs is brought without any basis of fact or knowledge of the truth or falsity as to their allegations in the Complaint. The defendants-counterclaimants claim that the action by the plaintiffs is frivolous and as a result, the defendants have suffered damage. Defendants-counterclaimants seek recovery of compensatory and punitive damages against the plaintiffs on their counterclaims. The plaintiffs have filed a motion to dismiss the counterclaims and that motion is now before the Court for decision on the memoranda of counsel in support of and in opposition to the motion to dismiss.

The Court considers the counterclaims to be based on the theory of malicious prosecution. The law is clear in this Circuit that there must be a determination of litigation favorable to the complaining party before a claim for malicious prosecution may be made. *Morrision v. Jones,* 551 F.2d 939 (4th Cir. 1977). While the *Morrision* case involves a claim for malicious prosecution in a criminal case, the same rule is applied in other jurisdictions in civil cases. *Cheramie v. Associates Discount Corporation,* 428 F.2d 1227 (5th Cir. 1970); *Brown & Root, Inc. v. Big Rock Corporation,* 383 F.2d 662 (5th Cir. 1967). *See also, Ancora Corporation v. Stein,* 310 F.Supp. 838 (S.D.Ala.1970), where the court declined to permit the defendants to file a counterclaim based upon abuse of process or malicious prosecution under the circumstances existing in this case. To this same effect, see also, *Chain v. International City Bank,* 333 F.Supp. 463 (E.D.La.1971).

The Court finds from the authorities cited that the filings of the counterclaims are premature and the counterclaims of Genarco, Inc., Formal House, Inc., Bob's Formal House, Inc., and Cole & Scott of Williamsburg, Inc. are DISMISSED, without prejudice to the defendants to reassert their claims should the litigation in this case be concluded in their favor.

It is so ORDERED.