947 F.2d 941
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald William HOUGHTON, Plaintiff-Appellant,
v.
COMMONWEALTH OF VIRGINIA; Attorney General of the
Commonwealth of Virginia; Stephen M. Farmer; Donald C.
Lynn; Robert Lehto; Sidney Bradbury; Joan M. Jennings;
Town of Occoquan, Defendants-Appellees.
 No. 91-1010.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 23, 1991.
Decided Nov. 7, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-90-554-A)
 J. Benjamin Dick, Willis J. Spaulding, Charlottesville, Va., for appellant.
 Mary Sue Terry, Attorney General, Gail Starling Marshall, Deputy Attorney General, Gregory E. Lucyk, Senior Assistant Attorney General, Richmond, Va., A. Strode Brent, Jr., Todd F. Sanders, Whitestone, Brent, Young & Merril, P.C., Fairfax, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ronald W. Houghton, a former town councilman for the Town of Occoquan, Virginia, appeals the district court's Fed.R.Civ.P. 12(b) dismissal of his 42 U.S.C. § 1983 action. We agree that he failed to state a claim on which relief could be granted, and we affirm.
 
 
 2
 Houghton was convicted on March 18, 1987, of two misdemeanor counts of violating Virginia's Comprehensive Conflicts of Interest Act, specifically Va.Code Ann. §§ 2.1-610, 2.1-627, and 2.1-628. He was fined $200 on each count, with the fine on one count suspended. His appeals to the Virginia Court of Appeals and the Virginia Supreme Court were dismissed on January 11, 1988 and April 20, 1988.
 
 
 3
 On April 19, 1990, Houghton filed a section 1983 action naming the Commonwealth of Virginia as the sole defendant. After the Commonwealth filed a motion to dismiss, Houghton informed the court that he had spoken with a lawyer and had discovered "many flaws" in his pleading. Leave to amend was granted. His amended complaint again sued the Commonwealth of Virginia and added five councilmembers of the Occoquan Town Council and the Town of Occoquan as defendants. He claimed his conviction was unconstitutional and that the individual defendants conspired to promote his conviction in violation of his civil rights. He requested the following relief: a ruling that the relevant sections of the Virginia Code were unconstitutional, expungement of his criminal record, an order for the defendants to publish an advertisement in the local paper vindicating the plaintiff, an order enjoining the defendants from further harassing the plaintiff, and $1,000,000 plus costs.
 
 
 4
 Following a hearing on defendants' motions to dismiss, the district court held it had no jurisdiction to review a state court judgment. Furthermore, the constitutionality of the statute was addressed in state court, and Houghton failed to perfect an appeal. Accordingly, the issue was barred under the doctrine of collateral estoppel. Finally, the court found that these claims were barred by the two-year statute of limitations for section 1983 actions arising in Virginia.
 
 
 5
 The court also granted attorneys fees and costs for the defendants ($902.50 for the Commonwealth, $1,093.50 for the remaining defendants). The court determined that sanctions were warranted because Houghton was apprised of the deficiencies in his complaint but failed to correct them.[1]
 
 
 6
 We have reviewed the various claims raised in Houghton's brief, and we find them meritless. This suit against the Commonwealth of Virginia is barred under the eleventh amendment. See Edelman v. Jordan, 415 U.S. 651 (1974). No consent to suit in federal court on these facts is apparent from Virginia's expungement statute, Va.Code Ann. § 19.2-392.2.
 
 
 7
 His claims against the remaining defendants are barred under the statute of limitations. Statutes of limitations for section 1983 suits are borrowed from state law. Cox v. Stanton, 529 F.2d 47 (4th Cir.1975). In Virginia, the limitations period is two years. See Cramer v. Crutchfield, 648 F.2d 943 (4th Cir.1981). Houghton claims that these defendants generated the charges against him and violated his constitutional rights during the trial. Houghton was convicted on March 18, 1987. He knew of the claims against these defendants at this time, and he alleges no misconduct by these defendants after this date. His original complaint was filed on April 19, 1990, more than three years after his conviction. His claims against these defendants are thus barred by the statute of limitations.[2]
 
 
 8
 The remainder of Houghton's claims are attacks on his trial and conviction. The district court had no jurisdiction to review an appeal from a state court conviction. His suit cannot be interpreted as a 28 U.S.C. § 2254 petition because he is not in custody. See Wright v. Bailey, 544 F.2d 737, 739 (4th Cir.1976), cert. denied, 434 U.S. 825 (1977). Thus, the district court had no subject matter jurisdiction over these claims.
 
 
 9
 Because Houghton persisted in pressing frivolous claims after notice of the deficiencies, we find no abuse of discretion in the district court's award of sanctions for the defendants below. See Cooter & Gell v. Hartmarx Corp., 58 U.S.L.W. 4763, 4769 (U.S.1990).
 
 
 10
 However, because Houghton's counsel on appeal has not filed a frivolous appeal, we deny the individual appellees' motion for sanctions on appeal. See Fed.R.App.P. 38.
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The court only assessed fees and costs for efforts occurring after the Commonwealth's first motion to dismiss
 
 
 [2]
 Although Virginia law provides that the period for malicious prosecution does not run until the criminal proceedings are terminated, Va.Code Ann. § 8.01-249(3), this cause of action is not available to him because it requires that the proceedings be terminated in his favor. See Morrison v. Jones, 551 F.2d 939, 940 (4th Cir.1977); Ricketts v. J.G. McCrory Co., 138 Va. 548, 121 S.E. 916 (1924). Moreover, the statute of limitations for malicious prosecutions is one year. Va.Code Ann. § 8.01-248. Houghton filed his complaint over one year from the dismissal of his last appeal