**Robert CRAMER, Appellant,**

v.

**B. L. CRUTCHFIELD, Appellee.**

**No. 80–1718.**

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1981.

Decided May 12, 1981.

John F. Rick, Richmond, Va. (Farino & Rick, Richmond, Va., on brief), for appellant.

Henry H. McVey, III, Richmond, Va. (McGuire, Woods & Battle, Richmond, Va., on brief), for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

Cramer, a citizen of Delaware, appeals from the district court's grant of summary judgment for Crutchfield, a Virginia state trooper, in Cramer's suit for damages brought for violation of his constitutional rights under 42 U.S.C. § 1983 and, under diversity jurisdiction, for the common law torts of malicious prosecution and abuse of process. We affirm.

## I.

On September 5, 1977, Crutchfield stopped Cramer's truck as it drove through Prince George County, Virginia, and accused him of having a radar detection device, the use of which was illegal under Virginia law. Crutchfield asked Cramer to open the truck's locked cab, but Cramer refused. Acting without a search warrant, Crutchfield then used a screw driver to force entry into the cab, and he found a radar detection device under a mattress. Crutchfield arrested Cramer, charging him with possessing the radar device and, because he would not open the cab, with interfering with a police officer.

Cramer was taken before a magistrate, who found that probable cause existed to charge Cramer with the two offenses.

Cramer posted bond, and was released. Cramer was later convicted in Prince George County General District Court of equipping his vehicle with a radar detection device in violation of Va.Code § 46.1–198.1. At that trial he made no assertion that his Fourth Amendment rights had been violated. Following his conviction, he appealed to the Circuit Court of Prince George County. On September 19, 1978, for reasons which the record does not disclose, the Commonwealth's Attorney moved to dismiss the charges against Cramer, and his motion was granted.

On September 18, 1979, Cramer sued seeking damages in excess of $10,000. His complaint alleged a cause of action under § 1983—that Crutchfield had violated Cramer's constitutional rights by subjecting him to an unlawful search and seizure, by maliciously prosecuting him and by malicious abuse of process—and a cause of action for malicious prosecution and abuse of process, cognizable under the district court's diversity jurisdiction. The district court granted Crutchfield's motion for summary judgment. It ruled that the alleged search and seizure cause of action under § 1983 was barred by the statute of limitations because suit was filed more than two years after the search occurred, and that the causes of action for malicious prosecution and abuse of process, although not time barred, did not allege a deprivation of constitutional rights. It ruled further that Cramer failed to state a cause of action under Virginia law for the torts of malicious prosecution and abuse of process, because, as evidenced by Cramer's conviction in the state district court and by the magistrate's finding, probable cause for the prosecution existed as a matter of law and Cramer failed to allege an ulterior motive for Crutchfield's institution of the prosecution or use of the prosecution for a purpose for which it was not intended. *Cramer v. Crutchfield*, 496 F.Supp. 949 (E.D.Va.1980).

## II.

We hold that the district court correctly ruled that Cramer's search and seizure claim under § 1983 was time barred. Virginia's statute of limitations for suits for personal injuries, Va.Code 8.01–243(A), provides the applicable limitations period of two years. *See Almond v. Kent*, 459 F.2d 200 (4 Cir. 1972). Suit was filed on September 18, 1979, over two years after the search of Cramer's truck occurred, September 5, 1977. Because we do not find Virginia's rule on tolling the statute of limitations to be inconsistent with federal law, we follow it. *See Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Under the Virginia statute, there is no reason to toll the two-year limitations period in this case. *See* Va.Code § 8.01–229.

The § 1983 claim for malicious prosecution and abuse of process was also properly rejected. A valid cause of action under § 1983 is not alleged simply by the assertion that a common law tort was committed by a state official. Rather, to have a meritorious claim, a plaintiff must allege that he was deprived of some constitutional right. Because Cramer's prosecution was based on evidence obtained through a search which was alleged to have violated his fourth amendment rights, Cramer's complaint did state a valid § 1983 claim as to the search and seizure. But Cramer did not object to the evidence derived from the search or move to suppress it at his trial in the Prince George County District Court. He therefore waived any challenge to the constitutionality of the search. Cramer's § 1983 claims for malicious prosecution and abuse of process are predicated solely on the use of illegally obtained evidence and not on any separate act violating any of Cramer's constitutional rights. Since any claim that the evidence was obtained illegally was waived, it follows that the claims of malicious prosecution and abuse of process are only allegations of common law torts. As the district court held, these allegations were thus insufficient to state a valid cause of action under § 1983.

## III.

We think that the district court's dismissal of Cramer's causes of action for the common law torts of malicious prosecution and abuse of process was also correct. The malicious prosecution claim was merit-

less because, as evidenced by the magistrate's finding of probable cause and the state district court's conviction of Cramer, probable cause existed as a matter of law for the criminal proceedings against him. Under Virginia law a conviction for the offense charged, even though subsequently reversed, dismissed, or vacated, is conclusive evidence of probable cause, unless the conviction was procured by the defendant through fraud or by means of evidence that he knew to be false. *Ricketts v. J. G. McCrory Co.*, 138 Va. 548, 121 S.E. 916 (1924). Cramer also failed to state a valid cause of action for abuse of process because he did not allege that Crutchfield had an improper, ulterior motive for arresting him and instituting criminal proceedings against him. Under Virginia law, such a motive on the part of the defendant is an essential element of the tort of abuse of process. *See Ross v. Peck Iron & Metal Co.*, 264 F.2d 262, 267–68 (4 Cir. 1959); *Mullins v. Sanders*, 189 Va. 624, 54 S.E.2d 116 (1949).

AFFIRMED.