801 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carson W. MUNGO, Appellant,
v.
Stephen H. DREWES, F.B.I. Agent; Unknown Agent, F.B.I., Appellees.
 No. 85-6571.
 United States Court of Appeals, Fourth Circuit.
 Argued July 17, 1986.
Decided Sept. 24, 1986.
 
 David Bradshaw, Student, School of Law, University of North Carolina (Barry Nakell, on brief), for appellant.
 H. Robert Showers, Assistant United States Attorney, James G. Carpenter, Assistant United States Attorney (Samuel T. Curris, United States Attorney, on brief, for appellees.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, HALL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carson W. Mungo, a federal inmate, appeals from the district court's dismissal of his civil rights complaint. Mungo alleged that an F.B.I. agent, among others, unconstitutionally searched Mungo's bedroom. The district court referred the matter to a magistrate for resolution. The magistrate recommended that the district court grant the defendant's motion to dismiss on the ground that Mungo waived his challenge to the search by failing to raise the issue in his criminal trial. Although Mungo filed untimely objections to the magistrate's report, the district court, nevertheless, considered the merits of Mungo's objections, concluding that the magistrate's recommendation was correct and adopting it as its own. We affirm.
 
 
 2
 On October 16, 1980, Mungo was arrested for bank robbery. On October 20, the defendant, Stephen H. Drewes, a special agent for the F.B.I., went to Mungo's home and spoke with Robert Judkins, Mungo's roommate. Judkins invited Drewes into Mungo's room to inspect damage to a window sill from a shotgun blast.[1] Drewes observed shotgun pellets in the window sill, but left the house without taking anything. Drewes testified to these facts during Mungo's criminal trial. Mungo did not object to this testimony at that time, nor did he at any time during his criminal trial challenge the constitutionality of this search.
 
 
 3
 In Cramer v. Crutchfield, 648 F.2d 943 (4th Cir. 1981), we held, on indistinguishable facts, that a criminal defendant's failure to raise a search issue during his criminal trial constitutes a waiver of a subsequent civil rights claim predicated on the alleged unconstitutional search. We conclude that our holding in Cramer is dispositive of the issues raised in this appeal. Consequently, we affirm the district court's dismissal of Mungo's action on the merits.
 
 
 4
 Accordingly, the judgment of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Apparently, the bank robbery was committed with a shotgun