803 F.2d 714
 6 Fed.R.Serv.3d 109
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TIM CHENG-CHIEN CHANG, Appellant,
v.
John Wesley BURFORD, Appellee.
 No.85-2224.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 4, 1986.
Decided Oct. 9, 1986.
 
 Paul M. Donovan; Michael P. Wallas (LaRoe, Winn & Moerman, on brief), for appellant.
 Ronald M. Ayers; John D. Eure (Johnson, Ayers & Matthews on brief), for appellee.
 W.D.Va.
 AFFIRMED.
 Before WINTER, Chief Judge, and RUSSELL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Tim Cheng-Chien Chang appeals from the denial of his motion for reconsideration of an order, dated September 23, 1985, dismissing his action against defendant-appellee John Wesley Burford without prejudice for plaintiff's failure to comply with a prior order compelling discovery. Holding that the district court committed no abuse of discretion, we affirm.[1]
 
 I.
 
 2
 Plaintiff, through counsel, filed this diversity of citizenship action March 28, 1984, alleging that the defendant, while negligently driving an automobile May 12, 1982, struck plaintiff and caused personal injuries. Plaintiff subsequently proceeded pro se.
 
 
 3
 Despite having received proper notice, plaintiff failed to appear for a deposition scheduled for August 8, 1985. Plaintiff's absence prompted the defendant to file a second Rule 37 motion requesting the district court to compel discovery and impose sanctions.[2] In response to the motion, the district court on August 29, 1985 held a hearing via telephone conference. As a result, on September 10, 1985, the district court issued an order requiring both parties to appear in Roanoke, Virginia, for depositions on September 16, 1985. In its order, the district court noted that at the hearing, plaintiff explicitly had agreed to appear at the September 16th deposition unless surgery would cause his absence, and that if he required such surgery, he would timely advise defendant and the court. Wrote the district court:
 
 
 4
 The plaintiff stated that unless he was required to go into surgery that the September 16 date would be available to him. The Court indicated to the Plaintiff that in the event he did go into surgery, the date could be changed if the Plaintiff gave the Defendant and the Court timely notice of his surgery and his inability to keep the scheduled date of September 16.
 
 
 5
 Despite his representations to the district court, plaintiff failed to appear for the September 16th deposition or timely advise the court and defendant of any surgery. On September 16, however, defendant's counsel received a letter, dated September 11 and postmarked September 13, in which plaintiff contradicted his earlier representations. In the letter, plaintiff claimed that at the August 29th hearing, he had advised the court that he would not appear for the deposition because he had back pains which would be aggravated by travel to the deposition.[3] Additionally, plaintiff justified his absence because the district court had failed to decide a motion for appointment of counsel which plaintiff had filed September 5.[4]
 
 
 6
 Responding to defendant's third Rule 37 motion for sanctions, the district court issued its September 23rd order dismissing the action without prejudice for plaintiff's failure to comply with the prior order compelling plaintiff to appear for deposition. In his motion for reconsideration, plaintiff claimed that he was unable to appear "for health reasons" and that he had so advised the district court at the August 29th hearing; that he was relieved of responsibility to attend the deposition because the defendant had caused plaintiff's injuries; that he should be entitled to a continuance of his deposition; and that no sanctions were proper because plaintiff had requested court-appointed counsel. The district court denied the motion for reconsideration, and plaintiff appeals therefrom.[5]
 
 II.
 
 7
 Plaintiff argues that the district court abused its discretion because the dismissal without prejudice effectively operated as a dismissal with prejudice and because the district court failed to consider and impose lesser sanctions . Plaintiff relies on Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir.1976). In Boazman, the Fifth Circuit relied on Pond v. Braniff Airways Inc., 453 F.2d 347 (5th Cir.1972), to reverse a dismissal without prejudice because the statute of limitations arguably had expired prior to the dismissal and thereby probably precluded the plaintiff from refiling the action. Boazman, 537 F.2d at 212-13. Consequently, the Boazman Court held that such dismissal effectively was a dismissal with prejudice and constituted an abuse of discretion where counsel, who had acted without "contumacious indifference," had failed to comply with a district court order directing a response to a pending motion. Id. at 213. Similarly holding that a dismissal without prejudice was in effect with prejudice, the Court in Pond reversed such dismissal because the limitations period had expired prior to the dismissal and the action had been dismissed for counsel's inadvertent failure to comply with an order directing submission of a proposed pretrial order, jury instructions, factual findings and legal conclusions. Pond, 453 F.2d at 349. See also Burden v. Yates, 644 F.2d 503, 505 (5th Cir.1981) (citing Boazman and holding a dismissal without prejudice tantamount to the drastic remedy of dismissal with prejudice because "[a]t the time of this dismissal, the relevant statute of limitations had run on appellant's cause of action").
 
 
 8
 In the instant case, unlike in Boazman and Pond, the dismissal without prejudice is not in effect a dismissal with prejudice. Plaintiff filed this action within the two -year period imposed by the Virginia statute of limitations, Va. Code Sec. 8.01 -243 (A), and during the pendency of the action, Va. Code Sec. 8.01 -229 (E) (1) tolled the running of the statute of limitations.[6] Accordingly, plaintiff was free to refile his action following the dismissal without prejudice. Further, in all the other cases on which plaintiff relies, the courts of appeal had found an abuse of discretion where the district court had ordered dismissal with prejudice due to the inaction of counsel. Apart from the critical distinction between dismissal with and without prejudice, therefore, the pro se plaintiff's failure to comply with the discovery order makes this not a case "where neglect is plainly attributable to an attorney rather than to his blameless client." Silas v. Sears Roebuck & Co. Inc., 586 F.2d 382 (5th Cir.1978).
 
 
 9
 We note that in light of plaintiff's limited financial means, as reflected in his affidavit in forma pauperis supporting his motion for appointment of counsel, sanctions such as the imposition of costs and attorney's fees likely would have been more severe than dismissal without prejudice. We conclude that dismissal without prejudice was an appropriate sanction, see Chandler Leasing Corp. v. Lopez, 669 F .2d 919, 921 (4th Cir. 1982), and that the district court committed no abuse of discretion in denying plaintiff's motion for reconsideration. Accordingly, we affirm the decision of the district court.*
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Plaintiff characterizes his motion for reconsideration as a motion for relief from a judgment or order pursuant to Fed.R.Civ.P. 60(b)(1) and (b)(6). The standard of review for denial of such a motion is abuse of discretion, Harman v. Pauley, 678 F.2d 479, 480 (4th Cir.1982); Brock v. Executive Towers, Inc., No. 85-1815, slip op. at 2, n. 2 (4th Cir. June 4, 1986) (per curiam), which is the same standard of review for dismissal of an action for failure to comply with a discovery order. See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1975). Accordingly, the instant appeal from the denial of the Rule 60(b) motion--a motion which plaintiff filed within the time for appeal from the September 23rd order--"raises the same questions and requires virtually the same analysis as would an appeal from [the September 23rd] order of dismissal for ... disobedience of a court order" compelling discovery. Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 386 (5th Cir.1978). Furthermore, although the district court dismissed the action without prejudice pursuant to Fed.R.Civ.P. 41(b), the actual source of power for the district court's dismissal was Fed.R.Civ.P. 37(b)(2)(C). Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers, 357 U.S. 197, 207 (1958); Rabb v. Amatex Corp., 769 F.2d 996, 999-1000 (4th Cir.1985)
 
 
 [2]
 Defendant had filed on March 1, 1985 his first motion requesting the district court to compel discovery and impose sanctions for plaintiff's failure to answer interrogatories that had been served ten months earlier. At a hearing on the first motion, the district court ordered plaintiff to respond to the interrogatories within fourteen days or face dismissal . Plaintiff so complied
 
 
 [3]
 Plaintiff had made three trips to Roanoke earlier in 1985, the most recent trip having been in June
 
 
 [4]
 The district court had denied plaintiff's earlier requests for appointed counsel and had provided plaintiff detailed explanations as to why plaintiff was not entitled to appointed counsel in this civil case
 
 
 [5]
 See footnote 1
 
 
 [6]
 The Virginia statute of limitations and Virginia rule on tolling apply to the instant case. Yarber v. Allstate Insurance Co., 674 F.2d 232, 235 (4th Cir.1982); see also Cramer v. Crutchfield, 648 F.2d 943, 945 (4th Cir.1981). The tolling provision, Va.Code Sec. 8.01-229 (E)(1), provides that "if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period."
 
 
 *
 Upon motion of the appellant and with the consent of the appellee, this case was submitted on the briefs, without oral argument