848 F.2d 185
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samuel JONES, Plaintiff-Appellant,
v.
Kenneth EVANS; Williamsburg County Sheriff's Department;
Debra Rodgers; Wayne Lambert, Defendants-Appellees.
 No. 87-7658.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 27, 1988.
Decided: May 25, 1988.
 
 Samuel Jones, appellant pro se.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel Jones appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. He alleged below that the defendants had conducted an unconstitutional search and seizure which had led to his arrest and conviction. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 The district court dismissed Jones' suit on June 9, 1987. Jones filed his notice of appeal on July 20, 1987, well past the thirty-day period for noting an appeal. See Fed.R.App. P. 4(a)(1).[1] The time periods established by Fed.R.App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Jones' failure to note a timely appeal deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 3
 DISMISSED.
 
 
 
 [1]
 Jones' letter of July 24, 1987, arguably could be construed as a motion for an extension of time to appeal. See Fed.R.App. P. 4(a)(5); Shah v. Hutto, 722 F.2d 1167 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984). A remand for a determination of excusable neglect would be futile, however, because the district court correctly found that Jones waived his right to challenge the constitutionality of the search and seizure in a civil rights suit when he did not raise this issue in his criminal trial. Cramer v. Crutchfield, 648 F.2d 943, 945 (4th Cir.1981)