861 F.2d 265
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Terry K. PRESSLEY, Plaintiff-Appellant,
v.
Randy GRAYSON; R.D. Cantley, Jr., Magistrate, Defendants-Appellees.
 No. 88-7711.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 30, 1988.
Decided: Oct. 26, 1988.
 
 Terry K. Pressley, appellant pro se.
 Robert Bunyan Lewis, for appellees.
 Before ERVIN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Terry Pressley seeks relief under 42 U.S.C. Sec. 1983 for damages sustained from an allegedly false arrest and subsequent malicious prosecution.* Pressley names deputy sheriff Grayson and (state) magistrate Cantley as parties. Specifically, Pressley claims that Grayson failed to ascertain the falsity of his arrest and, when presented with evidence which tended to corroborate Pressley's exculpatory version of events, did not ensure that Pressley would not be indicted by the grand jury. Pressley also contends that Cantley knew of the weakness of the evidence against him but nonetheless remanded him into custody, and, once presented with the exculpatory evidence, did not dismiss the charges against him. We agree with the district court that summary judgment is appropriate in the circumstances presented.
 
 
 2
 Initially, we note that magistrate Cantley is judicially immune from both claims in this suit. See Stump v. Sparkman, 435 U.S. 349 (1978); Chu v. Griffith, 771 F.2d 79 (4th Cir.1985).
 
 
 3
 As to deputy Grayson and the false arrest claim, we think that his official conduct meets the test of "objective legal reasonableness" and thus is entitled to qualified immunity. Anderson v. Creighton, --- U.S. ----, 55 U.S.L.W. 5092, 5093 (U.S. June 25, 1987) (No. 85-1520). We hold that the facts presented to Grayson--an obviously injured victim, incriminating statements of the victim and an eyewitness, and a statement given by Pressley admitting an accidental shooting and an intentional beating, but denying the robbery--would lead a reasonable officer to conclude that probable cause existed to believe a crime had been committed by Pressley. Id. We reject Pressley's contention that Grayson was under an obligation to further investigate his claims of innocence. Baker v. McCollan, 443 U.S. 137 (1979). Moreover, the fact that Grayson became aware of evidence that tended to corroborate Pressley's exculpatory version of events after Pressley had been arrested is irrelevant to whether probable cause to arrest existed.
 
 
 4
 We also reject Pressley's malicious prosecution claim. We express hesitance to review this state tort claim in the absence of a pendent, valid, constitutional claim, see Cramer v. Crutchfield, 648 F.2d 943 (4th Cir.1981), but do so in an abundance of caution. We think Pressley's claim is ill-founded because it seeks to blame Grayson, a mere deputy sheriff, for the prosecutor's decision to present the case to the grand jury, and the grand jury's decision to indict Pressley. We note that Pressley does not allege the specifics of Grayson's testimony before the grand jury, but rather, assumes that the only way he could have been indicted is that Grayson lied. We reject such speculation. Absent a specific allegation to the contrary, we assume that Grayson told the truth and related the potentially exculpatory evidence, and the grand jury decided to indict Pressley anyway.
 
 
 5
 Therefore, we conclude that Pressley failed to make an adequate showing after defendants' motion for summary judgment, see Celotex Corporation v. Catrett, 477 U.S. 317 (1986), and this cause was properly dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Pressley was charged with armed robbery, possession of a weapon during a crime of violence, and two counts of assault with intent to kill