862 F.2d 869
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Bernard CLARK, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS; Lloyd T. Griffith, M.D.;
Griffith Clinic, Inc.; Lynn C. Brownley,
Defendants-Appellees.
 No. 88-6719.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1988.
Decided: Nov. 15, 1988.
 
 Robert Bernard Clark, appellant pro se.
 Before WIDENER and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Bernard Clark, a Virginia inmate, appeals the order of the district court dismissing his action pursuant to 42 U.S.C. Sec. 1983 alleging a denial of medical treatment.
 
 
 2
 In July 1985, Clark was examined by Dr. Lloyd T. Griffith at the Mount Holly Clinic. Clark alleged that Dr. Griffith accused him of burglarizing doctors' offices, and that Dr. Griffith threatened to kill him. Clark then refused to allow any further medical examination by Dr. Griffith. Clark asserts that Dr. Griffith's actions constitute a denial of medical treatment under Sec. 1983 and an unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Clark further asserts that the time that he was in prison tolls the statute of limitations, and that his action is therefore timely.
 
 
 3
 We hold that the district court properly dismissed the case. There is no federal statute of limitations for a Sec. 1983 action, and the appropriate state statute applies. Burnett v. Grattan, 468 U.S. 42 (1984). The state statute governing personal injury is applied to all Sec. 1983 claims. Wilson v. Garcia, 471 U.S. 261 (1985). The state of Virginia has a two-year statute of limitations for personal injury actions. Va.Code Ann. Sec. 8.01-243(A) (1950), as amended). This statute is not tolled during periods of imprisonment. See Almond v. Kent, 459 F.2d 200 (4th Cir.1972); Cramer v. Crutchfield, 648 F.2d 943 (4th Cir.1981). Accordingly, the district court properly held that the action was barred by the statute of limitations, because Clark's alleged injury occurred in July 1985, and the action was not filed until February 4, 1988.
 
 
 4
 Further, we hold that the district court properly dismissed the case as frivolous under 28 U.S.C. Sec. 1915(d) because it was clearly barred by the statute of limitations. Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.