920 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney HARDIN, Plaintiff-Appellant,
v.
Deputy BEMIS, Wayne County Jail Administrator, Internal
Security Bureau of Interviewers, Deputy Underwood,
Defendants-Appellees.
 No. 89-2285.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Rodney Hardin, a pro se Michigan prisoner, appeals the district court's grant of summary judgment for the defendant in Hardin's civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Hardin sued Deputy Michael Bemis, an officer of the Wayne County Jail, and others for incidents occurring while he was a pretrial detainee at the Wayne County Jail. Hardin alleged: (1) assault and battery, (2) use of excessive force, (3) administrative misconduct in failure to process a complaint filed by his father, (4) failure to allow Hardin's father to visit, (5) failure to allow Hardin the right to communicate by telephone or by mail, and (6) denial of medical attention.
 
 
 3
 The district court initially considered Hardin's complaint under 28 U.S.C. Sec. 1915(d) and dismissed all defendants except Bemis, as Hardin had no arguable basis in law or fact to proceed against them. The district court subsequently granted Bemis's motion for summary judgment, and dismissed the action.
 
 
 4
 On appeal, Hardin argues that the district court did not consider his motion to compel production of his medical records. He also argues that the district court applied the wrong law and that the defendant submitted an affidavit written by another deputy in bad faith. Hardin requests the appointment of counsel in his brief.
 
 
 5
 We shall affirm the district court's grant of summary judgment because there is no genuine issue of material fact and Bemis is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 The district court's dismissal of all the defendants except Bemis is not challenged on appeal. In addition, the issues of failure to process Hardin's father's complaint, failure to allow his father to visit, interference with telephone and mail communication, and denial of medical attention are abandoned on appeal. Therefore, none of these issues is reviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 The two claims that Hardin does raise on appeal--assault and battery and use of excessive force--are meritless. Hardin's assault and battery allegation is a common law tort which is not in itself cognizable under Sec. 1983. Cramer v. Crutchfield, 648 F.2d 943, 945 (4th Cir.1981). When the evidence is viewed in the light most favorable to Hardin, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), it is clear that Bemis is entitled to judgment as a matter of law on Hardin's excessive force claim. Any force applied was for the purpose of quelling a disturbance caused by Hardin, and Hardin has alleged no injuries or facts which support a reliable inference of obduracy or wantonness in the infliction of pain. Whitley v. Albers, 475 U.S. 312, 322 (1986). Consequently, the medical records sought by Hardin's motion to compel do not relate to a material fact at issue in this claim, and summary judgment was proper.
 
 
 8
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.