955 F.2d 40
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald W. CORKER, Plaintiff-Appellant,
v.
Michael A. JONES; John C. Picchi, Defendants-Appellees.
 No. 91-1537.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1991.
Decided Feb. 21, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-90-589-R)
 Thomas H. Roberts, Roberts & Landry, P.C., Richmond, Va., for appellant.
 Mary Sue Terry, Attorney General of Virginia, Gail Starling Marshall, Deputy Attorney General, Gregory E. Lucyk, Senior Assistant Attorney General, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINS and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Donald Wayne Corker appeals the district court's grant of summary judgment to the Defendants in this civil rights action under 42 U.S.C. § 1983 (1988). The district court also dismissed Corker's pendant state claims.
 
 
 2
 Corker's complaint stemmed from his arrest by the Defendants, Capitol Police Investigators Michael Jones and John Picchi, at the inauguration ceremony of Governor Douglas Wilder. That arrest led to Corker's conviction in state court for violating Va.Code Ann. § 18.2-204.1(B) (Michie 1988), which makes it a misdemeanor to "possess ... any document for the purpose of establishing a false status, occupation, membership, license or identity." His conviction was dismissed on appeal.
 
 
 3
 In this appeal of his subsequent civil rights action, Corker alleges that the Defendants lacked probable cause to arrest him, that his First Amendment and equal protection rights were violated when the Defendants issued him a summons for violating section 18.2204.1(B), and that the Defendants are not entitled to qualified immunity. After reviewing the parties' briefs and the record, we affirm the district court's decision.
 
 I.
 
 4
 We review the district court's grant of summary judgment de novo. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir.1987). Summary judgment is only appropriate where there is no genuine issue of material fact and, viewing the facts in the light most favorable to the nonmoving party, the movant is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir.1990) (en banc), cert. denied, 59 U.S.L.W. 3564 (U.S.1991).
 
 
 5
 The undisputed facts show that on the day of the inauguration, Corker held a press pass validly obtained from WANT-AM radio general manager John Gallaway. The pass allowed access to a restricted area on the inaugural grounds. Before entering the restricted area, Corker was asked by Officer Toms[1] if he was with the press. The inaugural ceremony was under tight security controls. Corker responded that he got his press pass from "the man at the radio station," but was unable to identify the radio station or Gallaway by name. Toms then called the Defendants to the scene. Defendant Picchi immediately recognized Corker as an eccentric person with a criminal record who had previously acted as an informant for Picchi. The Defendants again asked Corker to identify the person who gave him the pass, but Corker was unable to do so. Corker had no other identification in his possession connecting him to a press organization and likewise possessed no pencils or note pads with which to record his observations. The Defendants thus believed that Corker was in violation of section 18.2-204.1(B) and issued a summons and released Corker. Corker was later convicted in state court, but the charges were dismissed on appeal at the Commonwealth's request.
 
 II.
 
 6
 Corker first alleges that his arrest was not supported by probable cause. "Probable cause exists where 'the facts and circumstances within [the officers'] knowledge ... [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Brinegar v. United States, 338 U.S. 160, 175-76 (1949) (quoting Carroll v. United States, 267 U.S. 132, 162 (1925)). The facts known to the Defendants as summarized above, including Corker's inability to explain how he obtained a press pass, were more than adequate to support their belief that Corker was in violation of section 18.2-204.1(B). His Fourth Amendment challenge is without merit.[2]
 
 III.
 
 7
 Corker also asserts that his First Amendment rights and his right to equal protection were violated by the Defendants' conduct in arresting him and issuing a summons. To the extent that Corker is challenging the press pass requirement itself or the Commonwealth's ability to enforce section 18.2-204.1(B), his challenge must fail. The government may unquestionably curtail First Amendment rights via reasonable time, place, and manner restrictions. See Heffron v. International Soc'y for Krishna Consciousness, Inc., 452 U.S. 640 (1981). Requiring persons to hold legitimate press passes to enter a restricted area during Governor Wilder's inaugural ceremony was reasonable, particularly in light of the tight security surrounding the event.
 
 
 8
 Corker's equal protection challenge is likewise without merit. He asserts that he was chosen for arrest by the Defendants because they knew him to be illiterate and mildly retarded and therefore impermissibly concluded that he could not be a member of the press. The facts illustrate, however, that Corker was initially stopped not by the Defendants, but by Officer Toms, who is not a party to this action, and that Toms's decision to request further assistance from the Defendants as well as the Defendants' subsequent decision to issue a summons was based primarily on Corker's inability to state where he obtained his press pass.
 
 
 9
 To the extent that Corker's equal protection challenge states a selective prosecution claim, he has failed to show that others similarly situated were treated differently and has likewise failed to establish that he is a member of a protected class. United States v. Schmidt, 935 F.2d 1440, 1449-50 (4th Cir.1991). His equal protection challenge must therefore fail.
 
 IV.
 
 10
 The district court found it unnecessary to discuss the issue of qualified immunity, given its determination of the merits. It is clear, however, that the Defendants would be entitled to qualified immunity from damages under the standards enunciated in Anderson v. Creighton, 483 U.S. 635 (1987), and Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), even if Corker's substantive claims had some merit.
 
 
 11
 Pursuant to these authorities, police officers are entitled to immunity from damages when their discretionary conduct is believed to be reasonable at the time, given the information in their possession. Collinson v. Gott, 895 F.2d 994, 998 (4th Cir.1990).
 
 
 12
 Here, the Defendants were faced with a suspect who could not explain how he obtained a press pass to enter a restricted area, who did not appear to be prepared to act as a reporter, who had no identification establishing his connection with a news organization, and who was known to the Defendants as an eccentric person with a criminal record. These facts render the Defendants' decision to issue a summons for Corker's violation of section 18.2-204.1(B) eminently reasonable. They are entitled to qualified immunity.
 
 
 13
 For all the foregoing reasons the district court's judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Toms is not a defendant in this action
 
 
 [2]
 Because we find that probable cause was created by the facts and circumstances surrounding this incident, we need not consider the Commonwealth's alternative theory that this Court's opinion in Cramer v. Crutchfield, 648 F.2d 943 (4th Cir.1981), mandates rejection of Corker's Fourth Amendment claim