21 F.3d 421
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Donald M. Bowen, Plaintiff-Appellant,
v.
FREDERICK COUNTY PLANNING COMMISSION; John R. Riley; Wayne
Miller; Bray Cockrill, Defendants-Appellees.
 No. 93-2199.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 17, 1994.
Decided April 1, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. B. Waugh Crigler, Magistrate Judge. (CA-92-13-H)
 John William Acree, Acree & Associates, P.C., Woodstock, VA, for appellant.
 J. Ross Newell, III, Timberlake, Smith, Thomas & Moses, P.C., Staunton, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Donald M. Bowen appeals the magistrate judge's orders* dismissing his 42 U.S.C. Sec. 1983 (1988) action and denying his Motion to Reconsider. Finding that Bowen's claim of wrongful issuance of arrest warrants is time barred, we affirm.
 
 
 2
 Bowen's counsel concedes that Virginia's two-year statute of limitations for personal actions applies to this action but alleges that it did not begin to run until February 25, 1990, when Bowen was acquitted on appeal. The only issue in dispute is whether Bowen established a claim of malicious prosecution. In the district court, Bowen's counsel conceded that he could not show a continuing relationship between the Defendants--those who obtained the warrants in the first place--and the prosecutor, but stated that his client believed that the Defendants should be responsible for the actions they initiated. In essence, counsel conceded that he could not establish a claim of malicious prosecution. Accordingly, Bowen's claim against the Defendants is necessarily limited to the wrongful issuance of arrest warrants.
 
 
 3
 Bowen's cause of action for the wrongful issuance of arrest warrants accrued when the last warrant was issued. See Cramer v. Crutchfield, 648 F.2d 943, 945 (4th Cir.1981) (cause of action for illegal search accrues on date of search). Because it is undisputed that the last warrant was issued on August 22, 1989, and Bowen did not file his complaint until February 21, 1992, we find that Bowen's claim is barred by Virginia's two-year statute of limitations for personal injuries.
 
 
 4
 We dispense with oral argument because the facts and legal arguments are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The parties consented to the jurisdiction of a magistrate judge. See 28 U.S.C.A. Sec. 636(c) (West 1993)