**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT P. WOOD, JR.; WOODHAR
CORPORATION; NATIONAL PREMIUM
MARKETING, INCORPORATED,
Plaintiffs-Appellants,

and

FERWOOD, INCORPORATED,
Plaintiff,

v.

COMMONWEALTH OF VIRGINIA;
VIRGINIA DEPARTMENT OF TAXATION;
DAVID JORDON, Assistant
Commissioner of Compliance,

Virginia Department of Taxation;
W. H. FORST, Past Commissioner,
Virginia Department of Taxation;
RAY MADARIS, Head of Criminal
Investigations, Virginia Department
of Taxation; DANNY PAYNE,
Commissioner of Virginia
Department of Taxation; JANICE
GRAY, Former employee of Virginia
Department of Taxation; SALLY
WOOD, employee of Virginia
Department of Taxation,
Defendants-Appellees.

No. 97-2758

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-97-510)

Submitted: June 9, 1998

Decided: July 23, 1998

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen A. Bryant, BOWEN, BRYANT, CHAMPLIN & CARR, Richmond, Virginia, for Appellants. Mark L. Earley, Attorney General of Virginia, Mary E. Shea, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia; Michael C. Allen, HAIRFIELD, MORTON, ALLEN & ROCKWELL, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal the district court's dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), of their federal claims for unlawful disclosure of federal tax information[1] and violations of 42 U.S.C. § 1983 (1994), and their state law claims of computer invasion of privacy, unlawful search and seizure, fraud, and intentional infliction of emotional distress. Appellants contend that, contrary to the district court's conclu-

_____

[1] **See** 26 U.S.C. § 6103(a)(2) (1994).

2

sion, their claims were timely presented under the applicable statutes of limitations. We agree with the district court that the claims are time-barred and affirm the court's dismissal.

Robert P. Wood, individually and on behalf of his affiliated corporations, sued the Commonwealth of Virginia, the Virginia Department of Taxation ("the Tax Department"), along with several current and former employees of the Tax Department. Wood asserted that Defendants participated in a fraudulent scheme with Maria Mobilia, his former fiance, by illegally and wrongfully obtaining information from Wood's corporate tax returns, disclosing that information to Mobilia, and attempting to conceal their wrongdoing.

When their engagement ended in July 1993, Wood had paid Mobilia's outstanding debts and taxes, purchased a house in her name and an automobile titled in both of their names, and opened various accounts for her benefit, depositing approximately $300,000 in one and $5000 in a separate individual retirement account. In August 1993, Wood was informed that an employee of the Tax Department had disclosed information from his corporate tax returns to Mobilia and that based on this information, Mobilia targeted Wood in her scheme to defraud Wood. Wood sued Mobilia in state court for fraud. In July 1994, the court found Mobilia guilty of fraudulent conduct and ordered her to return possession of the house, car, and other personal property that Wood had purchased on her behalf.

Wood alleged that at various times in 1994 through 1996, he visited the Tax Department to inquire as to whether any employee had engaged in illegal or unlawful conduct concerning his tax returns. He was told that the suspected employee did not have access to Wood's corporate tax return information. Wood did not request a review of entries into his corporate returns until June 1996. At that time, he formed the belief that employees of the Tax Department made unauthorized entries into his returns and disclosed this information to Mobilia. On July 7, 1997, Appellants filed this suit.

The district court found that Appellants' causes of action accrued on August 30, 1993, when Wood was first notified of the alleged unauthorized disclosures of his confidential tax information and that Wood had used this information in order to obtain a judgment of

3

fraud against Mobilia in July 1994. The court rejected Appellants' invocation of the equitable tolling doctrine of fraudulent concealment, finding that Appellants failed to exercise due diligence in substantiating the fraudulent scheme. The court therefore dismissed all claims as time-barred under the applicable statutes of limitations.

Dismissal under Rule 12(b)(6) is appropriate when"it appears beyond doubt that the plaintiff can prove no set of facts to support [his] allegations."[2] Hence, we review de novo whether the allegations contained in Wood's complaint demonstrate his failure to pursue his claims in a timely fashion.[3]

We begin by looking at the statutes of limitations and accrual dates applicable to Appellants' claims. Appellants' claim alleging unlawful disclosure of tax return information is governed by a two-year statute of limitations; the action must commence within two years after the date of discovery of the unauthorized inspection or disclosure.[4] Appellants' claims of unreasonable search and seizure and invasion of privacy brought under 42 U.S.C. § 1983 are, as a matter of law, claims for personal injury and therefore subject to Virginia's two-year limitation period for personal injury claims.[5] The limitations period for Appellants' state law claims of computer invasion of privacy, unlawful search and seizure, and intentional infliction of emotional distress is two years;[6] Appellants' state law fraud claims are subject

_____

[2] **Revene v. Charles County Comm'rs** , 882 F.2d 870, 872 (4th Cir. 1989).

[3] **See Meekins v. United Transp. Union**, 946 F.2d 1054, 1057 (4th Cir. 1991) (conducting de novo review for questions of law).

[4] **See** 26 U.S.C.A. § 7431(d) (West Supp. 1998).

[5] **See** Va. Code Ann. § 8.01-243(A) (Michie 1992); National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991).

[6] **See** Va. Code Ann. § 18.2-152.12 (Michie 1996) (providing civil relief for invasion of privacy by computer); Cramer v. Crutchfield, 648 F.2d 943, 945 (4th Cir. 1981) (holding that search and seizure claim under § 1983 subject to Virginia's two-year statute of limitations for personal injuries); Luddeke v. Amana Refrigeration, Inc., 387 S.E.2d 502, 504 (Va. 1990) (finding two-year statute of limitations applicable to claim for intentional infliction of emotional distress).

to a one-year statute of limitations.**7** Appellants' claims accrued when Appellants knew or had reason to know of the injury that is the basis of the action;**8** such inquiry notice must be sufficient to prompt an objectively reasonable person to investigate further into the surrounding facts of the actionable injury.**9** Although the accrual date of a cause of action is a factual inquiry typically reserved for a jury, the district court may resolve that inquiry itself if the facts presented provide a clear basis for such a determination.**10**

We agree with the district court that Appellants' claims accrued on August 30, 1993, the date when Wood was initially informed of the possibility that information from his confidential tax returns had been disclosed without his authority. However, Appellants did not file this action until July 7, 1997, almost two years after all of the applicable statute of limitations had run. Accordingly, we also find that the district court properly dismissed Appellants' claims as time-barred.

In some circumstances, once a cause of action has accrued, the limitations period may be tolled. Virginia's rule on tolling a statute of limitations provides that "[w]hen the filing of an action is obstructed by a defendant's . . . using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought."**11** The Virginia Supreme Court has found that for this exception to apply, a defendant must intentionally, by trick or artifice, conceal the discovery of the cause of action; the character of fraud involved in the concealment must involve moral turpitude.**12** Because this equitable rule of tolling a statute of limitations is not inconsistent with federal law, we follow it.**13**

_____

**7** **See** Va. Code Ann. § 8.01-248 (Michie 1992 & Supp. 1997).
**8** **See Cox v. Stanton**, 529 F.2d 47, 50 (4th Cir. 1975).
**9** **See Brumbaugh v. Princeton Partners**, 985 F.2d 157, 162 (4th Cir. 1993).
**10** **See Brown v. American Broadcasting Co.**, 704 F.2d 1296, 1304 (4th Cir. 1983).
**11** Va. Code Ann. § 8.01-229(D) (Michie Supp. 1997).
**12** **See Richmond Redev. & Hous. Auth. v. Laburnum Constr. Corp.**, 80 S.E.2d 574, 582 (Va. 1954).
5130   35   4 **13** **See Cramer**, 648 F.2d at 945.

We find no reason to toll the limitations period in this case. The record does not support a finding that Appellees fraudulently concealed the discovery of Appellants' causes of action. Appellants filed suit after reviewing the entries into the corporate tax returns. There is no allegation that review of these documents was denied. The fact is that Wood did not seek such a review until June 1996, although he had information of the possibility of an unauthorized disclosure of this confidential information as early as August 1993. Wood possessed this information when he filed suit and obtained a judgment against Mobilia for fraud in state court in July 1994. An exercise of due diligence at that time would have revealed the viability of a cause of action. Appellants' more than two-year delay in investigating any possible wrongdoing, combined with waiting more than a year after obtaining the evidence to bring an action for redress, bars this action. We therefore affirm the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>