**Robert CRAMER**

v.

**B. L. CRUTCHFIELD**

**Civ. A. No. 80–0267–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

18 Sept. 1980.

John F. Rick, Richmond, Va., for plaintiff.

Ronald M. Ayers, Roanoke, Va., Henry H. McVey, III, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

Robert Cramer, a citizen and resident of Delaware, brings this complaint and seeks damages in excess of $10,000.00 for malicious prosecution, abuse of process, and unlawful search and seizure. He states separate causes of action under 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), and also 28 U.S.C. § 1332. With regard to the latter provision, it is uncontested that the defendant is a citizen and resident of Virginia, and that jurisdiction of the Court is properly founded upon diversity of citizenship.

This complaint arises from an incident which occurred on 5 September 1977. On that date, the plaintiff Cramer was driving a tractor and trailer on U.S. Route 301 in Prince George County, Virginia. The defendant Crutchfield was on duty as a Virginia State Trooper, and he stopped the vehicle which the plaintiff was operating. According to the plaintiff, Officer Crutchfield accused him of being in possession of a radar detection device, which was at the time an offense punishable under Va.Code Ann. § 46.1–198.1. The defendant then indicated his intention to search the vehicle. The plaintiff maintains that the defendant lacked probable cause to search because no detection device was visible from outside the vehicle and the device was not in operation at the time that the defendant forced him to stop.

Following the stop, and before alighting from his cab, Cramer locked the vehicle. He refused to open the truck cab for Officer Crutchfield without permission from his supervisor or without a search warrant. He alleges that Crutchfield responded by threatening to break the cab window with a tire billy. However, the parties agree that Crutchfield obtained entry to the cab by using a screw driver on a vent window lock. Cramer relates further that during the course of their discussion Crutchfield threatened to charge him with interference with a police officer based on his refusal to open the cab door, and he was later charged with this offense.

A radar detection device was found under a mattress in Cramer's cab. Officer Crutchfield placed Cramer under arrest for possession of a radar detection device and interference with a police officer. The plaintiff was then taken before a magistrate; upon payment of the bond he was released. Cramer complains that after his release he was searched and taken to Petersburg for fingerprinting, but it is unclear whether Officer Crutchfield took part in these alleged actions.

Cramer acknowledges that he was subsequently convicted in Prince George County General District Court for equipping his vehicle with a radar detection device. The record contains no reference to the disposition on the charge of interfering with a police officer, and it cannot be assumed that Cramer was ever brought to trial on this offense. The plaintiff appealed his conviction on the radar detection device charge to the Circuit Court of Prince George County. On 19 September 1978, the charge was nol–prossed on motion of the Commonwealth's Attorney. The defendant alleges in support of his motion for summary judgment that the prosecutor's decision to forego prosecution was prompted by the invalidation of a portion of Va.Code Ann. § 46.1–198.1. *See Crenshaw v. Commonwealth*, 219 Va. 38, 245 S.E.2d 243 (1978). There is no statement from the Commonwealth's Attorney in the record verifying this assertion. It stands admitted, however, that Cramer was convicted in the General District Court on the radar detection device charge and then, for whatever reason, the Commonwealth's Attorney chose not to con-

tinue with the prosecution when Cramer appealed his conviction to the Circuit Court.

■ The plaintiff claims first that the search and seizure conducted by Officer Crutchfield was in violation of his rights under the United States Constitution and § 19.2–59 of the Code of Virginia. An unlawful search and seizure is characterized under Virginia law as a personal injury, rather than an injury to property. *McClannan v. Chaplain*, 136 Va. 1, 116 S.E. 495, 499 (1923). The applicable statute of limitations provision contained in the Virginia code is therefore § 8.01–243(A) which sets a two–year time limit for filing an action. Virginia's two–year statute of limitations for personal injuries has also been adopted for use in all actions brought under 42 U.S.C. § 1983. *Almond v. Kent*, 459 F.2d 200, 203 (4th Cir. 1972); *Van Horn v. Lukhard*, 392 F.Supp. 384, 391 (E.D.Va.1975). In this case, the search and seizure of which the plaintiff complains occurred on 5 September 1977. The complaint herein was filed on 18 September 1979, more than two years after accrual of the cause of action on this issue. The plaintiff's search and seizure claim is thus raised out of time whether it is considered under Section 1983 or under State law, and the claim will therefore be dismissed.

■ The plaintiff also charges the defendant with malicious prosecution and abuse of process. Again, he raises separate causes of action under Virginia State law and Section 1983. As an initial matter, these claims are not time–barred. Section 18.01–249 of the Virginia Code provides that claims for malicious prosecution and abuse of process do not accrue until the criminal proceeding in question is terminated. The Fourth Circuit has also held under Section 1983 that a malicious prosecution claim accrues upon termination of the proceeding, *Morrison v. Jones*, 551 F.2d 939, 940–941 (4th Cir. 1977), and this rule will also be applied to the abuse of process claim.

The Court will first consider the claims of malicious prosecution and abuse of process under Section 1983. As stated above, the Fourth Circuit has previously considered a malicious prosecution claim raised under Section 1983 in *Morrison v. Jones*. There, the Circuit Court adopted the common law rule that termination of the proceedings in a manner not unfavorable to the plaintiff is a necessary element of a malicious prosecution claim. *Id.* at 940. The Fourth Circuit panel did not discuss the circumstances under which a malicious prosecution claim, normally a claim raised under State court law, rises to federal constitutional dimensions.

In two decisions issued prior to *Morrison*, the United States Supreme Court held that commission of a tort by a State officer did not automatically confer a § 1983 federal right of action. In *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Supreme Court determined that a claim for defamation brought against a State official was not actionable under Section 1983, absent a showing of an injury to a liberty or property interest recognized under the Due Process Clause. *Id.* at 701. The Court stated in *Paul v. Davis* that the Due Process Clause is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *Id.* In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Court also ruled that a State tort claim of medical malpractice "does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106, 97 S.Ct. at 292.

Shortly after the Fourth Circuit's decision in *Morrison*, the Supreme Court found that Eighth Amendment concerns were not applicable to disciplinary corporal punishment in public schools. *Ingraham v. Wright*, 430 U.S. 651, 664–671, 97 S.Ct. 1401, 1408–1410, 51 L.Ed.2d 711 (1977). Once again, the Court recognized that a State or common law tort may be committed by a State official and yet not assume constitutional significance merely by reason of the status of the State official. The Supreme Court, furthermore, has recently refused to constitutionalize the tort of false imprisonment under the specific facts in *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct.

2689, 61 L.Ed.2d 433 (1979). The basis for the Court's holding in *Baker* is simply expressed: "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Id.* at 146, 99 S.Ct. at 2695.[1]

■ This Court has already twice considered the question of whether particular malicious prosecution and abuse of process claims stated causes of action under the United States Constitution. *Pollard v. Baskerville*, 481 F.Supp. 1157 (E.D.Va.1979), *aff'd* 620 F.2d 294 (4th Cir. 1980) (action under Section 1983); *Riggs v. Miller*, 480 F.Supp. 799 (E.D.Va.1979) (direct action under the Fifth Amendment). On both occasions, this Court has concluded that, although a plaintiff may have stated a claim under State tort law, he failed to show a constitutional deprivation entitling him to proceed with his federal cause of action. In the present case, the Court again finds that the plaintiff has failed to state a claim actionable under Section 1983. It is clear from the record that he was accorded the full measure of the due process of law to which he was entitled under the Fourteenth Amendment. Therefore, any deprivation of liberty or property which the plaintiff may allege occurred only as a result of or attendant to constitutionally legitimate proceedings. This ends the Court's inquiry into the malicious prosecution and abuse of process claims under Section 1983.

■ The Court must also determine, in accordance with its diversity jurisdiction, whether the plaintiff has stated claims for abuse of process and malicious prosecution under Virginia State law. To maintain a malicious prosecution action in Virginia, a plaintiff must allege and prove (1) that the prosecution was set on foot by the defendant and that it terminated in a manner not unfavorable to the plaintiff; (2) that it was

instituted, or procured by the cooperation of, the defendant; (3) that it was without probable cause; and (4) that it was malicious. *Ayyildiz v. Kidd*, Va., 266 S.E.2d 108, 110 (1980). The Virginia Supreme Court has noted in recent opinions that malicious prosecution actions are not favored in Virginia. *Id.; Pallas v. Zaharopoulos*, 219 Va. 751, 250 S.E.2d 357, 359 (1979). In applying the four elements listed above to the present case, the Court finds that the role of the defendant in instituting the prosecution is clear; furthermore, it will be accepted that the prosecution ended in a manner favorable to the plaintiff. *See Niese v. Klos*, 216 Va. 701, 222 S.E.2d 798, 800–801 (1976). The plaintiff has failed to show, however, that the prosecution was instituted without probable cause, that is to say, it is clear from the facts alleged that probable cause existed as a matter of law.

■ Probable cause was determined to exist at two separate stages in this criminal prosecution. First, the plaintiff was taken before a magistrate who certified probable cause and released the plaintiff on bond. Second, after a full factual inquiry, the plaintiff was convicted of the offense in the General District Court. It is clearly established under Virginia case law that a conviction for the offense charged, though subsequently reversed, dismissed, or vacated, is conclusive evidence of probable cause, unless such conviction was procured by the defendant through fraud or by means of evidence which he knew to be false. *Ricketts v. J. G. McCrory Co.*, 138 Va. 548, 121 S.E. 916 (1924); *Klaff v. Virginia Railway & Power Co.*, 120 Va. 347, 91 S.E. 173, 174 (1917).

There is nothing in the record to support a claim that the defendant at any time provided false testimony in order to further the prosecution. In his rebuttal, the plaintiff argues that the defendant must have lied in order for the magistrate and the

---

1. Indeed the very foundation of § 1983 liability, the seminal case of *Screws v. U. S.*, 325 U.S. 91, 108–09, 65 S.Ct. 1031, 1039, 89 L.Ed. 1495 (1945), noted that:

 Violation of local law does not necessarily mean that federal rights have been invaded.

 The fact that a prisoner is assaulted, injured, or even murdered by State officials does not necessarily mean that he is deprived of any right protected or secured by the Constitution or laws of the United States.

trial court to have found probable cause for the search of the vehicle. This argument is feckless.

The Court concludes that the plaintiff has failed to show a necessary element of the malicious prosecution claim under Virginia state law. While it is not obligated to do so, the Court would also note that the plaintiff's showing on the fourth element of the claim, that of malice on the part of the defendant, is also inadequate as a matter of law. The defendant, therefore, is entitled to judgment as a matter of law on the malicious prosecution claim, and that claim will be dismissed.

 Finally, a plaintiff claiming abuse of process has the burden of pleading (1) the existence of an ulterior motive on the part of the defendant; and (2) an act in the use of the process not proper in the regular prosecution of the proceeding. *Mullins v. Sanders*, 189 Va. 624, 54 S.E.2d 116, 121 (1949). In a case decided under Virginia law, the Fourth Circuit noted that

> The crux of the tort of abuse of process, whether civil or criminal, lies in the malicious abuse or misuse of a process or writ which has been lawfully and properly issued; in other words, although the writ was issued upon the proper grounds and with probable cause, it was caused to issue and was used, not for the purpose for which it was intended but for some collateral object. [Citations omitted.] The regular use of process cannot constitute abuse even though the user was actuated by a wrongful motive, purpose, or intent, or by malice. [Citations omitted.]

*Ross v. Peck Iron & Metal Co.*, 264 F.2d 262, 267–268 (4th Cir. 1959). The plaintiff has not alleged or shown an ulterior motive which led the defendant to institute the prosecution. Nor has he shown that the defendant intended or obtained any collateral consequences in bringing charges. The allegations show misbehavior on the part of the police officer, to be sure, but not an abuse of process. It is therefore appropriate to grant the defendant's motion for summary judgment as to all claims, and this complaint will be dismissed.