## CIRCUIT COURT OF FAIRFAX COUNTY

Stephen A. Wannall

v.

Wesley Hetrick et al.

September 11, 1989

Case Nos. (Law) 89668, 89707

By JUDGE LEWIS HALL GRIFFITH

These related matters are before the Court on Defendants' Plea in Bar and Demurrers to the Amended Motions for Judgment ("Amended Motion") and the oppositions thereto. For the reasons set forth below, the Plea in Bar and Demurrers are sustained and this action is dismissed.

In Count I of the Amended Motion in At Law No. 89707, Plaintiff alleges a claim for malicious prosecution. Defendants have filed a Plea in Bar asserting that the Plea in Bar must be sustained because of the underlying criminal conviction which as a matter of law establishes probable cause for the prosecution of Plaintiff.

In *Pallas v. Zaharopoulos*, 219 Va. 741, 250 S.E.2d 357 (1979), the Virginia Supreme Court set forth the elements of a cause of action for malicious prosecution. The Court stated that:

> To maintain such an action, a plaintiff must allege and prove (1) that the prosecution was set on foot by the defendant and that it terminated in a manner not unfavorable to the plaintiff; (2) that it was instituted or procured by the

cooperation of the defendant; (3) that it was without probable cause; and (4) that it was malicious.

*Id.* at 754, 250 S.E.2d at 359 (citations omitted).

Plaintiff seeks redress for Defendants' instigation of one specific incident: the January 20, 1988, warrant and subsequent prosecution. In this underlying proceeding, the General District Court initially found Plaintiff guilty of violating Fairfax County Code § 108.5-2(b). A conviction, although reversed on appeal, conclusively shows the existence of probable cause (unless that conviction was procured through fraud). Because Plaintiff cannot establish that the prosecution was without probable cause, he is precluded from maintaining a cause for malicious prosecution. Accordingly, the Plea in Bar is sustained.

In Count I of the Amended Motion in At Law No. 89668 and Count II of the Amended Motion in At Law No. 89707, Plaintiff has alleged identical claims against Defendants for abuse of process. Defendants have demurred to these claims on the ground that there was no use of criminal process after issuance of the warrant and summons complained of to sustain a claim for abuse of process and that the Amended Motions fail to allege any improper purpose or motive in initiating the criminal action.

The U. S. Court of Appeals for the Fourth Circuit set forth the elements of a cause of action for abuse of process in *Cramer v. Crutchfield*, 496 F. Supp. 949 (E.D. Va. 1980), stating:

A plaintiff claiming abuse of process has the burden of pleading (1) the existence of an ulterior motive on the part of the defendant; (2) an act in the use of the process not proper in the regular prosecution of the proceeding.

*Id.* at 954, *citing*, *Mullins v. Sauders*, 189 Va. 624, 54 S.E.2d 116, 121 (1949).

The second element of the cause of action for abuse of process requires some act in the use of process which is not proper. The improper act must have occurred after process was issued. *E.g.*, *Triangle Auto Auction, Inc. v. Cash*, 238 Va. 183 (1989). The factual allegations in the

280

abuse of process claims fail to sufficiently set forth any improper act by the Defendants after process was issued. The absence of this element of the cause of action for abuse of process requires the Court to sustain the demurrers to the abuse of process claims in At Law Nos. 89668 and 89707.