Marco **SAMUEL,** Plaintiff,

v.

**ROSE'S STORES, INC.,** d/b/a
Rose's Department Store,
et al., **Defendants.**

Civ. A. No. 2:95cv834.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 23, 1995.

Mary Elizabeth Thomas, Kalfus & Nachman, P.C., Norfolk, VA, for Marco Samuel.

Richard Joshua Cromwell, Robert William McFarland, David Michael Young, McGuire, Woods, Battle & Boothe, Norfolk, VA, for Rose's Stores, Inc.

Deborah M. Casey, Edward James Powers, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for Little Creek Investment Corporation.

### MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

### INTRODUCTION

This action arises from the restraint and detention of Plaintiff upon leaving Defendant Rose's store in Norfolk, Virginia on July 5, 1994. On that date, the store security guard detained Plaintiff for the alleged theft of shoes from the store. Plaintiff alleges that

the security officer detained Plaintiff for approximately one hour and took the shoes. Plaintiff also alleges that he was subsequently turned over to his employer, the United States Navy. Plaintiff filed a Motion for Judgment in state court on July 24, 1995.

Defendant Rose's removed this action from state court on August 10, 1995 and filed a motion to dismiss the original complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on August 30, 1995. The Court later granted Plaintiff leave to amend the complaint, and Plaintiff filed an amended complaint on October 2, 1995. Defendant Rose's now moves to strike the amended complaint because, Defendant Rose's argues, it goes beyond the scope the Court's leave to amend. Defendant Rose's also moves to dismiss the amended complaint, reiterating its defenses to the original complaint. After oral argument on October 18, 1995, this matter is now ripe for decision.

For the reasons that follow, the Court **DENIES** Defendant Rose's motion to strike the amended complaint and **DENIES** Defendant's motion to dismiss.

## I. LEGAL STANDARDS

 Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a defense to a lawsuit where the plaintiff fails to state a claim upon which relief can be granted. When "passing on a motion to dismiss ... for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The facts set forth in the complaint must be assumed to be true. *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969). Furthermore, "a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

## II. DISCUSSION

### A. *Striking the Amended Complaint*

By order of September 29, 1995 this Court (Magistrate Judge Miller) granted Plaintiff leave to amend the complaint "by adding as defendant(s) the identified security guard and/or his employer." Defendant Rose's moves to strike the amended complaint filed October 2, 1995 because in addition to adding defendants, Plaintiff deleted "key allegations which form the basis for Rose's motion to dismiss." (Mem. to Strike at 1.) Plaintiff deleted references to "negligent" conduct on the part of Rose's, presumably addressing Rose's defense in its motion to dismiss that Plaintiff has not alleged intentional conduct, but rather negligent conduct, and thus has failed to state a cause of action for which the Court may grant relief. (*See* Mem. to Dismiss at 3–4.)

Plaintiff admits that the order of September 29, 1995 granted leave only to add defendants, but argues that the scope of the order is slightly broader than Defendant Rose's contends. Plaintiff does not object to the Court considering Defendant Rose's motion to dismiss based only on the original complaint. (Mem. Opp. to Strike at 2.) Plaintiff, however, maintains that the amended complaint is not defective. Plaintiff argues that he is entitled to change his allegations to address the conduct of the new defendants. Plaintiff also argues that the deletion of references to "negligent" conduct represented a change in form rather than substance because deleting the term does not change "the substance of what plaintiff must allege and prove to prevail and adequately advises defendant of the nature of the claim against him." (*Id.* at 3.)

 Plaintiff did exceed the scope of the leave to amend the complaint. As the discussion below indicates, however, the changes in the complaint do not affect the substance of the claims against the Defendant. Plaintiff does not allege any new causes of action nor does Defendant argue that the change prejudices it in any way. Thus, within its discretion, the Court **DENIES** Defendant Rose's motion to strike the amended complaint.

### B. *False Imprisonment*

In resisting Plaintiff's claim of false imprisonment, Defendant asserts two defenses.

First, Defendant contends that the applicable statute of limitations of one year has expired. Defendant also argues that Plaintiff does not allege the elements of a claim of false imprisonment.

### 1. *Applicable Statute of Limitations*

■ Defendant argues that VA. CODE ANN. § 8.01–248 (Michie Supp.1995), applies to personal actions for which no other limitation is specified. Plaintiff responds to the motion to dismiss by arguing that the applicable statute of limitations is two years under VA. CODE ANN. § 8.01–243(A) (Michie 1992). Plaintiff cites *Cramer v. Crutchfield,* 496 F.Supp. 949 (E.D.Va.1980), *aff'd,* 648 F.2d 943 (4th Cir.1981), in support of his position. In *Cramer,* the plaintiff claimed that the search of his vehicle and seizure of his radar detector was unlawful. *Id.* at 951. The police officer gained access to the vehicle using a screw driver on the vent window lock after plaintiff locked the doors and refused to exit the vehicle. In addressing this claim of unlawful search and seizure, the Court held that under Virginia law, an unlawful search and seizure is characterized as a personal injury, not an injury to property. *Id.* at 952. Thus the applicable statute of limitations is two years under VA. CODE ANN. § 8.01–243(A) (Michie 1992). *Id.*

Plaintiff argues in his Memorandum in Opposition to Defendant's Motion to Dismiss Amended Complaint that "plaintiff's false imprisonment claim in this case is likewise a personal injury action for the unlawful search and seizure of his person." (Mem. Opp. Dismiss Am. Compl. at 2.) Defendant responds that *Cramer* is inapposite because in the instant case Plaintiff does not assert a claim under 42 U.S.C. § 1983 as the plaintiff did in *Cramer,* nor does Plaintiff allege physical injury. (Def's. Reply Mem. at 2.)

Defendant's motion and subsequent reply to Plaintiff's opposition emphasizes that Plaintiff does not allege physical injury in this case. Defendant's summary of *Cramer*

states that "[u]ndeterred, the trooper broke the cab window with a tire billy and gained entry to the cab," (*Id.* at 3), and on that basis Defendant Rose's presumably attempts to distinguish the two cases. The Court, however, notes that although the plaintiff in *Cramer* alleged that the officer broke the window of the vehicle with a tire billy, at the time of the disposition of *Cramer,* both parties in that action agreed that the officer gained entry by using a screw driver on a window lock. Thus, the court's statement of law did not depend upon a set of facts involving force or physical injury in the lay sense. Despite Defendant's inaccurate characterization of *Cramer,* a liberal reading of the amended complaint in the instant action does not indicate that Plaintiff pled an unlawful search and seizure of his person. If Plaintiff's action is to survive, it must classified as a personal injury under another theory.

■ Case law nor the statute clearly indicate which statute of limitations should apply to a claim of false imprisonment.* Thus the question appears to be whether false imprisonment is properly characterized as a personal injury when no physical injury, i.e., battery or assault, is alleged. The Supreme Court of Virginia has held that "in applying Code § 8.01–243(A), we interpret 'injury' in the same manner as that word is construed to determine when a cause of action for personal injuries accrues: '[a] positive, physical or mental hurt to the claimant.'" *Purcell v. Tidewater Constr. Corp.,* 250 Va. 93, 458 S.E.2d 291, 293 (1995) (quoting *Locke v. Johns–Manville Corp.,* 221 Va. 951, 275 S.E.2d 900, 904 (1981)). Plaintiff alleges that he was "personally injured in his reputation and credit in the community and with his employer and was subjected to public ridicule, and was caused great mental anguish and anxiety." (Am. Compl. ¶ 9.) Plaintiff alleges that he was handcuffed outside the store and that following the detention he was turned over to his employer, the U.S. Navy. )Am. Compl. ¶ 6.) These are

---

* In an unpublished opinion, the Fourth Circuit without any discussion or analysis stated that the applicable statute of limitations is one year under § 8.01–248. *Lord v. Riley,* No. 89–1479, 1990 WL 209862 at **3 (4th Cir. Jan. 23, 1991) (per curiam). The Fourth Circuit apparently assumed

that the cause of action of false imprisonment is one "for which no limitation is otherwise prescribed." VA.CODE ANN. § 8.01–248 (Michie Supp.1995). This Court will address whether § 8.01–243(A) otherwise prescribes the limitation as two years.

the type of injuries against which this cause of action protects. *E.g., W.T. Grant Co. v. Owens,* 149 Va. 906, 141 S.E. 860, 866 (1928) (holding mental pain and suffering, indignity, and humiliation compensable).

 The tort of false imprisonment protects an interest which is in large part a mental or emotional one. *See, e.g.,* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 11, at 47 (5th ed.1984) ("the interest is in a sense a mental one"). For an action of false imprisonment, "mental pain and suffering, and the indignity and humiliation inflicted upon the plaintiff constitute just basis for compensatory damages." *W.T. Grant Co. v. Owens,* 149 Va. 906, 141 S.E. 860, 866 (1928); *S.H. Kress & Co. v. Roberts,* 143 Va. 71, 129 S.E. 244, 245 (1925) (citing *Bolton v. Vellines,* 94 Va. 393, 26 S.E. 847, 850 (1897) ("compensatory damages may be had "for the loss of time; [and] for the suffering, bodily and mental, sustained by reason of such wrongful acts or act")). Federal and state courts applying the law of the Commonwealth of Virginia have held that the personal injuries governed by § 8.01–243(A) include causes of action for infliction of emotional distress. *E.g., Welch v. Kennedy Piggly Wiggly Stores, Inc.,* 63 B.R. 888, 898 (Bankr.W.D.Va.1986); *Moore v. Allied Chemical Corp.,* 480 F.Supp. 364, 369 (E.D.Va.1979); *Glascock v. Laserna,* 247 Va. 108, 439 S.E.2d 380, 381 (1994); *Luddeke v. Amana Refrigeration, Inc.,* 239 Va. 203, 387 S.E.2d 502, 504 (1990). Section 8.01–243(A) provides for claims of personal injury "whatever the theory of recovery." In the instant action the theory of recovery is false imprisonment. Although the emotional injury may not rise to the level of "intentional infliction of emotional distress" as provided for in the state of Virginia, the injuries complained of are sufficiently analogous to apply the same statute of limitations to both causes of action.

Alternatively, Plaintiff may argue that the false imprisonment constituted a physical injury of the type recognized as a personal injury under § 8.01–243(A). Plaintiff alleges that he was restrained, handcuffed, and forced to go to the back room of Defendant Rose's store. (Am. Compl. ¶ 6.) He alleges that he was forced to turn over the shoes he was wearing, which he alleges were his property. He also alleges that he was detained for approximately one hour. (*Id.*) Just as in *Cramer,* Plaintiff in the instant case makes no allegations of physical injury such as lacerations or bruises. Yet Plaintiff's physical interests are more directly implicated in his action for false imprisonment than the interests which are typically at stake in an action for illegal search and seizure. Assuming the allegations of the amended complaint to be true, Plaintiff was denied freedom of action; his liberty was physically restrained by force and/or threat of force. Taking note that the Commonwealth has held that an unlawful search and seizure in the absence of the use of force is a personal injury action to which § 8.01–243 applies and that the infliction of emotional distress is as well, this Court concludes that the applicable statute of limitations for a claim of false imprisonment is two years.

### 2. *Prima Facie Elements of False Imprisonment*

 "False imprisonment is restraint of one's liberty without any sufficient cause therefor." *Zayre of Va., Inc. v. Gowdy,* 207 Va. 47, 147 S.E.2d 710, 713 (1966). The person need not be confined in a jail or placed in custody. *Id.; Kress v. Musgrove,* 153 Va. 348, 149 S.E. 453, 455 (1929). "The plaintiff makes out a case for compensatory damages when he shows that he has been illegally detained without lawful process." *Montgomery Ward & Co. v. Wickline,* 188 Va. 485, 50 S.E.2d 387, 389 (1948). It is enough that the person be placed in reasonable apprehension that unless he willingly submits, force will be used. *Zayre,* 147 S.E.2d at 713. If he does so submit to the extent that he is denied freedom of action, this restraint constitutes false imprisonment. *Id.; Montgomery Ward & Co. v. Freeman,* 199 F.2d 720, 723 (4th Cir.1952) (citing *W.T. Grant Co. v. Owens,* 149 Va. 906, 141 S.E. 860, 865 (1928) ("any restraint by fear or force upon the action of another is unlawful, and constitutes false imprisonment unless a showing of justification makes it a true or legal imprisonment"). "[I]t is not necessary to show malice, ill will or the slightest wrongful intention, and neither the good faith of a

defendant nor that of his employee will defeat plaintiff's right to recover." *Id.* (citations omitted).

■ In the amended complaint, Plaintiff alleges that upon leaving the Rose's store, he was "restrained and placed in hand cuffs [sic] without any legal excuse or justification by security guard Thomas E. Scotting and other currently unidentified employees and/or agents of defendant Rose's, taken to a back room against his will, accused and charged with the theft of the shoes he was wearing from the store, [and] forced to turn over said shoes...." (Am. Compl. ¶ 6.) Defendant argues that the complaint fails to allege intentional conduct and thus fails to allege a cause of action under the law of Virginia. (Mem. to Dismiss at 2, 3.) The original complaint characterizes the detention and restraint as negligent, (Compl. ¶ 4), but this characterization is not fatal for the allegation. A review of the case law does not suggest that an allegation of intentional conduct is necessary to maintain an action for false imprisonment. Defendant Rose's has not answered that the confinement was incidental to some other conduct or accidental. Defendant or its agent/employee was certain that confinement would result, and therefore "it can scarcely be said that defendant did not intend it." W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 11, at 53 (5th ed.1984). Defendant Rose's is on sufficient notice of the charge against it: false imprisonment. Accordingly, the Court **DENIES** Defendant Rose's motion to dismiss the claim of false imprisonment.

### C. *Malicious Prosecution*

■ In order to prevail on a claim of malicious prosecution, Plaintiff must allege and prove the following:

1. the prosecution was "set on foot" by Defendant and that it terminated in a manner not unfavorable to Plaintiff,

2. the prosecution was instituted, or procured by the cooperation of, Defendant,

3. the prosecution was without probable cause, and

4. the prosecution was malicious.

*Cramer v. Crutchfield,* 496 F.Supp. 949, 952 (E.D.Va.1980) (citing *Ayyildiz v. Kidd,* 220 Va. 1080, 266 S.E.2d 108, 110 (1980)). "Entry of an order of *nolle prosequi* constitutes termination 'in a manner not unfavorable the plaintiff.'" *Lewis v. McDorman,* 820 F.Supp. 1001, 1006 (W.D.Va.1992) (quoting *Niese v. Klos,* 216 Va. 701, 222 S.E.2d 798, 801 (1976)). The trier of fact may infer malice from the absence of probable cause. *Id.* (citing *Oxenham v. Johnson,* 241 Va. 281, 402 S.E.2d 1, 5 (1991)).

■ In the amended complaint, Plaintiff alleges that "each of the defendants, their agents and/or employees, falsely, maliciously, and without any reasonable or probable cause whatsoever, issued or cooperated in the issuance of a criminal summons to the plaintiff, charging him with petty larceny...." (Am. Compl. ¶ 11.) Plaintiff also alleges that "the defendants, their agents and/or employees, moved to *nolle prosse* the charge, which motion was granted by the Court." (Am. Compl. ¶ 13.) In its Grounds of Defense, Defendant Rose's admits that either the charge was "dismissed or *nolle prossed*". (Gr. Def. ¶ 10.) Thus it appears that Plaintiff has alleged the elements of malicious prosecution as required by *Cramer.* Construing the allegations in a light most favorable to Plaintiff, the Court **DENIES** Defendant Rose's motion dismiss the claim of malicious prosecution.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Rose's motion to strike the amended complaint and **DENIES** Defendant Rose's motion to dismiss.

The Clerk is **DIRECTED** to send a copy of this order to counsel for the parties.

It is so **ORDERED.**